IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD A. BAUMGART CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF YAZMIN TORRES-DUQUM | : : : : | |
| Plaintiff | : : | CASE NO. 1:20-cv-00998-DAP |
| v. | : : : | JUDGE DAN AARON POLSTER |
| UNIVERSITY HOSPITALS CLEVELAND MEDICAL CENTER | : : : : | |
| Defendants. | : | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant University Hospitals Cleveland Medical Center ("UHCMC" or "Defendant"), by and through it undersigned counsel, answers the Complaint filed by Plaintiff Richard A. Baumgart ("Plaintiff"), Chapter 7 Trustee for the Bankruptcy Estate of Yazmin Torres-Duqum ("Torres") by stating and averring the following:

**INTRODUCTION**

1. Defendants admit that Torres is a former UHCMC employee and that she held a physical therapist position, but denies the remaining allegations contained in Paragraph 1 of the Complaint.

2. Defendants admit that Plaintiff is a bankruptcy trustee and that Torres alleges disability discrimination and retaliation claims, but denies the remaining allegations contained in Paragraph 2 of the Complaint.

**PARTIES**

3. Upon information and belief, Torres is a resident of the State of Ohio.

4. Paragraph 4 of the Complaint sets forth a legal conclusion and, therefore, Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint sets forth a legal conclusion and, therefore, Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits that Plaintiff filed for bankruptcy, but denies the remaining allegations contained in Paragraph 7 of the Complaint.

8. Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9. Defendant admits the allegations contained in Paragraph 9 of the Complaint.

## JURISDICTION AND VENUE

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12. Defendant admits the allegations contained in Paragraph 12 of the Complaint.

13. Defendant admits the allegations contained in Paragraph 13 of the Complaint.

## GENERAL ALLEGATIONS

14. Defendant denies the remaining allegations contained in Paragraph 14 of the Complaint.

15. Defendant admits that Plaintiff is a former UHCMC employee, but denies the remaining allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant admits that it worked with Torres on applying for other available positions, but denies the remaining allegations contained in Paragraph 27 of the Complaint.

28. Defendant admits that it worked with Torres on applying for other available positions, but denies the remaining allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. The written certification speaks for itself and, therefore, Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint. Further answering, UHCMC's letter to Torres speaks for itself.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant admits that Torres filed a charge, but denies the remaining allegations contained in Paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

## **FIRST CLAIM FOR RELIEF**

52. Defendants incorporate their responses to Paragraphs 1 through 51 of the Complaint as if fully rewritten herein.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of the Complaint.

## SECOND CLAIM FOR RELIEF

61. Defendants incorporate their responses to Paragraphs 1 through 60 of the Complaint as if fully rewritten herein.

62. Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63. Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64. Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65. Defendant denies the allegations contained in Paragraph 65 of the Complaint.

## THIRD CLAIM FOR RELIEF

66. Defendants incorporate their responses to Paragraphs 1 through 65 of the Complaint as if fully rewritten herein.

67. Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68. Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69. Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70. Defendant denies the allegations contained in Paragraph 70 of the Complaint.

71. Defendant denies the allegations contained in Paragraph 71 of the Complaint.

72. Defendant denies the allegations contained in Paragraph 72 of the Complaint.

## FOURTH CLAIM FOR RELIEF

73. Defendants incorporate their responses to Paragraphs 1 through 72 of the Complaint as if fully rewritten herein.

74. Defendant denies the allegations contained in Paragraph 74 of the Complaint.

75. Defendant denies the allegations contained in Paragraph 75 of the Complaint.

76. Defendant denies the allegations contained in Paragraph 76 of the Complaint.

77. Defendant denies the allegations contained in Paragraph 77 of the Complaint.

78. Defendant denies the allegations contained in Paragraph 78 of the Complaint.

79. Defendant denies the allegations contained in the WHEREFORE section of the Complaint.

80. Defendant denies each and every allegation of the Complaint not specifically admitted herein to be true.

## **AFFIRMATIVE DEFENSES**

Defendant asserts the following affirmative defenses in response to Plaintiff's Complaint. By pleading these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. In addition, nothing stated herein is intended or shall be construed as a concession that any particular issue or subject matter is relevant to Plaintiff's allegations.

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's Complaint is barred by the doctrines of laches, waiver, estoppel, ratification, acquiescence, accord and satisfaction, and/or unclean hands.

3. Plaintiff's Complaint is untimely and is barred by the applicable limitations and/or statute of limitations period.

4. Plaintiff's retaliation claim fails because it is not based on any protected activities.

5. Plaintiff's disability discrimination claims fail because Torres is not disabled.

6. Plaintiff's disability discrimination claims fail because Torres did not request a reasonable accommodation.

7. Plaintiff's disability discrimination claims fail because Defendant provided Plaintiff with a reasonable accommodation.

8. Plaintiff's disability discrimination claim fails because Torres was subject to Defendant's lawful application process for available positions.

9. Some or all of Plaintiff's claims fail because Torres failed to exhaust her administrative remedies.

10. To the extent that Plaintiff's claim retaliation arise under federal law, Torres failed to exhaust her administrative remedies and her claims fail as a matter of law.

11. Torres is estopped by her own acts or omissions from bringing some or all of the claims in the Complaint.

12. Plaintiff's retaliation claims fail because Defendant responded appropriately and in good faith to Torres' accommodation requests.

13. Plaintiff's retaliation claim fails because Torres cannot meet the but for standard.

14. Plaintiff's claims fail because Torres voluntarily resigned from her employment with Defendant.

15. Plaintiff's retaliation claims fail because Torres was treated the same as all other similarly-situated UHCMC employees.

16. Torres has not sustained any damages proximately caused or actually caused by Defendants.

17. Plaintiff's claims are barred, in whole or in part, because Torres failed to mitigate her damages and/or alleged injuries.

18. Based on after-acquired evidence, Plaintiff's claims against Defendant and/or the relief sought by Plaintiff against Defendant are barred by the doctrine of after-acquired evidence.

19. Plaintiff's claims are barred because all of the decisions and actions toward Torres were taken in good faith and for legitimate, non-retaliatory, non-discriminatory reasons unrelated to Torres' disability or alleged protected activity.

20. Plaintiff's claims are barred on the grounds that Torres failed to provide notice to Defendant of any discrimination or retaliation, if any, and/or failed to pursue internal procedures to remedy any such complaints or problems, and had Plaintiff utilized these procedures some or all of the harm allegedly suffered would have been prevented.

21. To the extent that Torres complained about any alleged unlawful discriminatory conduct, Defendant took prompt remedial measures reasonably calculated to end any alleged unlawful discrimination.

22. Some or all of Plaintiff's claims lack legal and factual support to be asserted and are brought in bad faith.

23. Plaintiff's claims fail because Defendant acted in good faith at all times.

24. Some or all of Plaintiff's claims are limited and/or barred by Ohio's Tort Reform Act.

25. Plaintiff has not and is not suffering from emotional distress.

26. To the extent that Plaintiff claims punitive damages in the Complaint – which Defendant denies – the claim is barred because the alleged acts or omissions of Defendant: (1) do not rise to the level required to sustain an award of punitive damages; (2) do not evidence malicious, reckless, or fraudulent intent to deny Plaintiff her protected rights; (3) are not so wanton or willful as to support an award of punitive damages; and (4) do not otherwise entitle Plaintiff to punitive damages.

27. To the extent that Plaintiff claims punitive damages in her Complaint – which Defendant denies – the claim is barred because any allegedly discriminatory behavior is contrary to Defendant's good faith efforts to comply with all applicable state and federal laws.

28. To the extent that Plaintiff claims punitive damages in the Complaint – which Defendant denies – the claim is barred and any award of such damages would violate Defendant's rights under the federal and state constitutions.

29. To the extent Plaintiff suffered any symptoms of emotional distress or injury, they were the result of a pre-existing psychological disorder or other causes or factors, and not the result of any act or omission of Defendant.

30. Plaintiff's claims are barred on the grounds that Plaintiff failed to provide notice to Defendant of harassment, if any, and/or failed to pursue internal procedures to remedy any such complaints or problems, and had Plaintiff utilized these procedures some or all of the harm allegedly suffered would have been prevented.

31. Plaintiff was treated the same as all other employees, regardless of her alleged complaints or disability status.

32. Plaintiff lacks standing to bring some or all of the claims.

33. Any and all damage or injury complained of was proximately caused by intervening and superseding acts of persons or entities other than these answering Defendant.

34. If Plaintiff sustained any of the injuries or damages alleged in the Complaint, such injuries or damages were caused, or were contributed to, by Plaintiff's own comparative negligence, intentional acts, culpable conduct, and express or implied assumption of the risk. Such conduct serves as a bar to one or more of Plaintiff's claims or entitles Defendant to a reduction in damages. (O.R.C. §2307.22, O.R.C. §2315.32 et seq.).

35. Defendants reserve the right to assert additional affirmative defenses at such time and to such extent as is warranted by discovery and developments in this case.

WHEREFORE, Defendants respectfully request that the claims against them raised in the Complaint be dismissed in their entirety with prejudice, that judgment be entered in their favor, and that they recover their costs and expenses, including reasonable attorneys' fees, and such other and further relief to which this Court deems just and appropriate.

Respectfully submitted,

*/s/ David A. Campbell*
David A. Campbell (0066494)
Alexandra Eckrich (0099133)
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street
Suite 2250
Cleveland, OH 44114
Phone: (216) 298-1262
Fax: (216) 344-9421
david.a.campbell@lewisbrisbois.com
alexandra.eckrich@lewisbrisbois.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of October 2020, the foregoing was filed through the Court's CM/ECF electronic filing system.

*/s/ David A. Campbell*
David A. Campbell (0066494)
Lewis Brisbois Bisgaard & Smith, LLP

*One of the Attorneys for Defendants*
