IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| RICHARD A. BAUMGART CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF YAZMIN TORRES-DUQUM<br><br>*Plaintiff,*<br><br>vs.<br><br>UNIVERSITY HOSPITALS CLEVELAND MEDICAL CENTER.<br><br>*Defendants.* | Case  1:20-cv-00998<br><br>Judge  Dan Aaron Polster<br><br>**PLAINTIFF'S INITIAL DISCLOSURES** |

Pursuant to Fed. R. 26(a) (1), Plaintiff hereby makes the following initial disclosures:

i)  Plaintiff identifies the following individuals as likely to have discoverable information that Plaintiff may use to support the claims in this action:

  a.  Yazmin Torres-Duqum ("Torres"), has information regarding: the claims set out in the complaint; her disability and requests for accommodation; Defendant's failure to engage in a meaningful interactive process or to reasonably accommodate her; her knowledge of Defendant's transfer, disability and medical leave policies and practices; her complaints to Defendant regarding the violations of her rights; her reasonable efforts to mitigate her damages; and the damages she sustained.  Torres may be contacted through counsel.

b.      Defendants current and former employees who worked with and supervised Torres, processed her requests for leave and accommodation, investigated her complaints, and interviewed her for other positions, including but not limited to the individuals listed below, have information regarding Torres' employment and work performance with Defendant; Defendant's disability, leave and transfer policies and practices; Defendant's knowledge of Torres' disabilities; Torres' requests for accommodation; Defendants' failure to engage in a meaningful interactive process or to reasonably accommodate Torres; and Torres' complaints to the company regarding the violations of her rights. These witnesses' contact information is known to Defendant:

- Cindy Materna, UH Benefits Administrator-LOA, has knowledge of Torres requests for medical leave and accommodation and UH's response;

- Nate Tekovic, Torres' direct supervisor; Marc Cubbison, Tekovic' manager; and Plaintiff's co-workers (including but not limited to Kionna Chenevert, Amy Cruz, Amy Elsoffer, Sam Weber, Janet Fagle, Stephanie Watroba) have knowledge regarding the allegations in the complaint, Torres' employment and work; Defendant's policies and practices;

- Human Resources employees, Valerie Jaggie and David Amattro, and Care Advocate, Disability Management Services employee Lisa Edgehouse, RN, have knowledge regarding the allegations in the complaint, Defendant's policies and practices, Torres' requests for leave and accommodation and

Defendant's denial of her request for accommodation; Torres' complaints of the violation of her rights and Defendant's response thereto;

- Diane Miller, UH Short Term Disability Claims Administrator, has knowledge regarding the allegations in the complaint, Defendant's policies and practices, Torres' requests for leave and accommodation and Defendant's denial of her request for accommodation;

- UH employees Brian Adams, Christine Middleton, Michelle Hipler-Brant and Joe Blasiole have knowledge regarding Torres' attempts to transfer to a different UH location.

c. Torres' healthcare providers, Kathleen "Casey" Toohig, RN, LPCC and Sonal Moratschek, MD (Family Behavioral Health Services, LLC, 6559 C Wilson Mills Road, Suite 102, Mayfield Village, OH 44143, (440) 460-0140); and Angelina Gangstead, MD (UH Department of OB/GYN, 5850 Landerbrook Dr., Mayfield Heights OH, 44124, (216) 785-2845), have information regarding her disability, need for accommodation, requests for leave and accommodation, and damages.

Plaintiff reserves the right to call as a witness any individual identified by Defendant as having knowledge relevant knowledge, and to supplement this list as he learns of additional witnesses, either through further investigation or as discovery progresses.

3

ii) Plaintiff may use the following documents to support his claims:

    a. Correspondence (including emails) between Torres, her healthcare providers and representatives, and Defendant's agents, regarding the allegations in the complaint;

    b. Communications between Torres and her supervisors and co-workers regarding the allegations in the complaint;

    c. Defendant's job postings for positions for which Torres is qualified and applied;

    d. Torres' payroll documents, W-2 and other income records;

    e. Defendant's position statement responding to Torres' EEOC charge.

Plaintiff reserves the right to supplement this list as additional documents become available through further investigation and as discovery progresses.

iii) Plaintiff seeks all damages available by law. Precise computation of Torres' wage loss is not possible at this time as damages are ongoing. Her wages and benefits while employed by Defendant is known to Defendants. Her past wage loss will be calculated at the time of trial by deducting what Torres actually earned between the time she was denied transfer by Defendant and trial from the amount Torres would have earned during that period had she been accommodated by Defendant. Her future wage loss will be calculated by comparing her income from her employment at the time of trial, if any, with the income she would have earned had she been accommodated by Defendant. Her lost benefits will be calculated when

additional information becomes available.  Plaintiff also seeks damages for Torres' emotional distress and punitive damages, neither of which may be calculated. He also requests attorney fees and costs of suit, which are also ongoing.

iv)  Plaintiff is unaware of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment, which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

        Respectfully submitted,

        */s/ Cathleen Bolek*
        Cathleen M. Bolek (0059884)
        **BOLEK BESSER GLESIUS LLC**
        Monarch Centre, Suite 302
        5885 Landerbrook Drive
        Cleveland, Ohio 44124
        T 216.464.3004
        F 866.542.0743
        cbolek@bolekbesser.com
        mbesser@bolekbesser.com

        *Counsel for Plaintiff*

**Certificate of service**

The undersigned hereby certifies that a copy of the foregoing was filed electronically this 26th day of October, 2020. Notice of the foregoing will be sent to the following by operation of the Court's electronic filing system:

David A. Campbell (0066494)
Alexandra Eckrich (0099133)
Lewis Brisbois Bisgaard & Smith, LLP
david.a.campbell@lewisbrisbois.com
alexandra.eckrich@lewisbrisbois.com

　/s/ Cathleen Bolek　
*Counsel for Plaintiff*
