IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD A. BAUMGART | : | CASE NO. 1:20-CV-00998 |
| CHAPTER 7 TRUSTEE FOR THE | : | |
| BANKRUPTCY ESTATE OF | : | |
| YAZMIN TORRES-DUQUM | : | |
| | : | JUDGE: DAN A. POLSTER |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| UNIVERSITY HOSPITALS | : | |
| CLEVELAND MEDICAL CENTER | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SANCTIONS AND TO SHOW CAUSE**

**I.      INTRODUCTION**

Plaintiff Sheldon Stein, Chapter 7 Trustee for the Bankruptcy Estate of Yasmin Torres-Duqum's ("Plaintiff") alleges that he is asserting a "straightforward action for disability discrimination." (ECF #29, pg. 1). Despite this presentation of his claim, Plaintiff has refused to permit the real party in interest, Yasmin Torres-Duqum ("Torres"), to be deposed and has repeatedly raised alleged discovery issues. The latest allegation from Plaintiff is the Motion for Sanctions and to Show Cause (the "Motion").

On August 5, 2021, this Court spoke to counsel telephonically and ordered Plaintiff and Defendant University Hospitals Cleveland Medical Center ("Defendant") to respond to supplemental discovery responses. The Motion incredibly alleges that "Defendant simply refuses to comply with the Court's order." (ECF #29, pg. 2). To the contrary, Defendant provided a supplemental written response and produced an additional 411 documents. Without even taking time to review the supplementation, Plaintiff sent a short email threatening sanctions. Defendant

1

fully responded to the short email in a three page letter. Without any further discussion, questions, or attempt to resolve the discovery disputes, Plaintiff filed the Motion asking this Court to impose sanctions.

Plaintiff has filed the Motion without meeting his obligations under the Local Rules. Plaintiff never met, conferred and attempted to resolve these issues in good faith. Rather, as is evident from the Motion, Plaintiff is manufacturing alleged discovery deficiencies that should be rejected by this Court. Accordingly, on procedural grounds and on the merits, the Motion should be denied in its entirety.

## II.  PROCEDURAL HISTORY

On August 5, 2021, this Court ordered both Plaintiff and Defendant to respond to discovery issues raised by the parties through letters to this Court. The parties were provided until September 9, 2021 to respond to the discovery issues presented to the Court.

On September 9, 2021, Defendant produced a supplemental written response and 411 documents. (Declaration of Counsel at ¶4 and Exhibit A (the Declaration is attached hereto as Exhibit 1). A day later, Plaintiff sent an email raising alleged discovery issues. (Declaration of Counsel at Exhibit B). The complete email is as follows:

> Counsel,
>
> I have made a preliminary review of the documents you produced yesterday in response to the Court's order. You were ordered to produce the following information and documents, which were not in your production:
>
> 1. A complete response to Interrogatory No. 9, which asks Defendant to identify which of its employees made the decision to terminate Ms. Torres. You stated only that "Lisa Edgehouse was the UHCMC employee who handled the FMLA issues." Did Ms Edgehouse alone make the decision to terminate Ms. Torres?

> 3. Ms.Torres' complete personnel file. I have previously listed documents that have not been produced. You have admitted that the entire file has not been produced.
>
> 4. Complete responses to Request for Production Nos. 5 and 18, with the complete personnel files of all of the individuals who made all of the decisions at issue, and the complete personnel files of all of Plaintiff's comparators. It does not appear that you have provided the personnel files for all of the individuals who decided whether to interview and hire Ms. Torres for positions she applied for; and issue corrective action to her (if applicable). If any other employees were involved in the decision to grant or deny her medical leave and accommodation requests and terminate her, produce their personnel files as well.
>
> You were ordered to produce complete responses to Interrogatory No. 11 and Request for Production No. 6. Instead, you only produced a list of discrimination and retaliation claims made. You did not provide information regarding how each was resolved, and you did not produce any of the documents responsive to Request for Production No. 6, as you were ordered to do.
>
> Finally, you were ordered to produce a complete response to Interrogatory No. 14. Please confirm that no responsive documents exist or produce them.
>
> Please comply with the Court's order in full not later than Monday at the close of business to avoid a motion to show cause. Thank you.

(Declaration of Counsel at Exhibit B).

In response to the short email, Defendant provided a three page response letter that addressed each of the points raised in Plaintiff's email. (Declaration of Counsel at Exhibit C). Plaintiff never responded to the letter. (Declaration of Counsel at ¶9). Plaintiff's counsel did not email, phone or send a responsive letter. (Declaration of Counsel at ¶9). Rather, Plaintiff filed the Motion. (ECF #29). The Motion does not include a certification that Plaintiff made a sincere, good faith effort to resolve the dispute before filing the Motion with this Court. (ECF #29). In fact, despite seeking sanctions, the Motion does not even include a declaration or affidavit of counsel. (ECF #29).

3

Despite filing the Motion and seeking sanctions, Plaintiff continues to supplement Plaintiff's response to this Court's Order. (Declaration of Counsel at ¶11). In contrast to Plaintiff's counsel's conduct, Defendant has asked questions, waited for supplementation and has not threatened any Court action. (Declaration of Counsel at ¶11). Most recently, on September 21, 2021, Plaintiff admitted that Plaintiff failed to provide correct information in response to the Court order. (Declaration of Counsel at ¶11). No threats of sanctions or discovery motions were made by Defendant in response to the admission of a mistake. (Declaration of Counsel at ¶11).

### III. LAW & ARGUMENT

"[S]anctions are discretionary and are a drastic remedy that courts should be cautious in imposing." *Fuchs v. Selene Fin., LP*, No. 2:15-CV-895, 2017 WL 680495, at *4 (S.D. Ohio Feb. 21, 2017). The Sixth Circuit has adopted a four-factor test to determine whether a district court's decision to impose sanctions under Rule 37 amounts to an abuse of discretion. The four-factor test evaluates the following: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the party's failure to cooperate in discovery; (3) whether the party was warned that failure to cooperate in discovery could lead to the sanction; and (4) if dismissal as a sanction is sought, whether less drastic sanctions were first imposed or considered. *See Freeland v. Amigo,* 103 F.3d 1271, 1277 (6th Cir. 1997); *see also Doe v. Lexington-Fayette Urban Cty. Gov't.*, 407 F.3d 755, 765-66 (6th Cir. 2005).

Here, imposing sanctions under Rule 37 would amount to an abuse of discretion. Therefore, Plaintiff's Motion should be denied in its entirety.

### A. Plaintiff Has Not Shown And Cannot Show That Defendant Failed To Cooperate In Discovery Due To Willfulness, Bad Faith, or Fault.

For a defendant's actions to be motivated by bad faith, willfulness, or fault, its conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of

4

[its] conduct on those proceedings. *See Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001) (citation and quotation marks omitted) (alteration in original). Plaintiff has not shown and cannot show that Defendant engaged in any willful, or bad faith behavior. *See Ferron v. Echostar Satellite, LLC*, 658 F. Supp. 2d 859, 864 (S.D. Ohio 2009), *aff'd,* 410 F. App'x 903 (6th Cir. 2010) (finding that plaintiff did not meet his burden of establishing that defendant acted in bad faith or exhibited conduct that was 'tantamount to bad faith regarding the discovery violation.).

Here, Plaintiff requested that Ms. Torres' complete personnel file be produced. Defendant responded to this issue in its discovery letter:

> **Ms. Torres' complete personnel file. I have previously listed documents that have not been produced. You have admitted that the entire file has not been produced.**
>
> Ms. Torres' complete personnel file has been produced. Defendant verified this production in its supplemental response. I have never "admitted that the entire file has not been produced" as alleged in your email. Defendant stands by its supplemental production.

(Declaration of Counsel at Exhibit C).

Defendant has fully cooperated, and conducted a thorough and extensive search of the documentation relevant to Ms. Torres' personnel file. Defendant has produced Ms. Torres' personnel file in its totality. Plaintiff incredibly continues to argue that Torres was somehow discharged by UH. However, even after the charge filed (Exhibit E to Motion), Torres admits that she continued to work for UH. Plaintiff has been asked to produce Torres' 2018 resume – that led to alternative employment – but Plaintiff has refused to produce this document. Obviously, this document would show the truth – Torres remained employed with UH until late 2017 when she voluntarily resigned to accept other employment. Torres was never discharged by UH.

Plaintiff's interrogatory responses run directly contrary to his claim that Torres was discharged by UH:

5

**INTERROGATORY NO. 12:**

Identify all employment Torres has held from January 1, 2010 through January 1, 2016 and for each period of employment identify the employer, the position held, the reason for leaving the employment, and Torres' income.

**ANSWER:**

Objection. Plaintiff does not seek damages for any lost wages after February 2018, when Torres became employed full time at a salary comparable to what she earned working for Defendant.

January 2010-May 2010
Select Medical (Novacare and Avon Orthopedics) Staff Physical Therapist
Reason for Leaving: took a position at UH Case Medical Center in May 2010; position closer to home

May 2010-December 2014 University Hospitals Case Medical Center (currently known as Cleveland Medical Center) Bolwell Location
Staff Physical Therapist
Reason for Leaving: transfer to a satellite location closer to home (moved from Cleveland Heights to Chesterland in December 2014)

December 2014- February 9, 2016 (last day worked) but officially terminated in 2019 University Hospitals Rehabilitation and Sports Medicine JCC location
Senior Physical Therapist
Reason for Leaving: Asked for accommodations and transfer to another location; denied accommodations

December 2016 UH St. John's Hospital PRN Physical Therapist
Never received hours

Louis Vuitton SAKS Beachwood Place Holiday Help December 2016- January 2017; returned Part-Time February 2017-May 2017

August 2017-December 2017
UH Rehabilitation and Sports Medicine Warrensville Heights Location
PRN Physical Therapist

(Declaration of Counsel at ¶11).

Plaintiff's interrogatory response does not allege a discharge. More importantly, Plaintiff continued to work at UH after her second charge of discrimination. Plaintiff's counsel should be

6

asked how Torres responds to the above interrogatory and then Plaintiff argues that Torres was somehow discharged to this Court. Needless to say, Plaintiff has failed to show that Defendant failed to provide Ms. Torres' complete personnel file. Therefore, Defendant satisfied its discovery obligations and did not violate this Court's discovery order.

Likewise, as to other claims, Defendant produced a summary of charges and lawsuits alleging retaliation and disability discrimination. (Declaration of Counsel at Exhibit C). The summary included the name of the plaintiff and a summary of the allegations. (Declaration of Counsel at Exhibit C). Defendant's responsive letter specifically concluded with the following statement: "If Plaintiff believes additional information is required to be produced, please provide a list of the documents and information beyond simply a conclusory statement. Defendant will promptly review and respond to your letter." (Declaration of Counsel at Exhibit C). Defendant has fully cooperated with its discovery obligation. To the contrary, Plaintiff never responded to the letter.

The Motion now argues that Defendant should produce documents from 2015 to the present and that Defendant should look for internal complaints as well as actually filed charges and lawsuits. Needless to say, Defendant should not have to produce lists of internal complaints over a six-year period when it employs thousands of employees. Producing this list over such an extensive period would be unduly burdensome to Defendant. Most importantly, Plaintiff did not raise this broad request with the Court in August – she wanted a summary of lawsuits and charges that were similar to Torres' claims.

Finally, The Motion addresses the identities of the decisionmakers. Defendant's discovery letter fully addressed this issue:

> Defendant is confused by this request. Ms. Torres filed two charges
> of discrimination prior to this lawsuit, but neither of the charges

7

>alleged that Ms. Torres was discharged.  In addition, based on the interrogatory responses, Ms. Torres worked for two non-party UH facilities after transferring out of her position at the JCC location.  Plaintiff's interrogatory response does not allege that Plaintiff was discharged from her employment with either University Hospitals St. John Medical Center or UH Rehabilitation and Sports Medicine Warrensville Heights Location.  Most importantly, Defendant has no record of Ms. Torres being discharged.
>
>Accordingly, Defendant has no record of anyone who made a decision that never occurred.  If Plaintiff believes that a discharge took place, please provide the name of the employer that discharged her, the date of the discharge, and the supervisor who performed the discharge.

(Declaration of Counsel at Exhibit C).

Here, Defendant has conducted an extensive, yet futile effort to locate the identity of anyone who was involved terminating Ms. Torres' employment because Defendant has no record of anyone who made a decision that never occurred. Therefore, Defendant has fully cooperated with its discovery obligation.

### B. **Plaintiff Has Not Shown That He Was Prejudiced For Defendant's Alleged Failure To Cooperate In Discovery.**

Plaintiff fails to show – or even allege in the Motion – that he has been prejudiced in anyway. This alone justifies denial of Plaintiff's Motion. *See Little Hocking Water Assn., Inc. v. E.I. du Pont de Nemours & Co.*, 94 F. Supp. 3d 893, 935 (S.D. Ohio 2015) (concluding that sanction were not warranted where the moving party failed to clearly articulate how the discovery deficiencies worked to its prejudice); *see also* (ECF #29). Therefore, Plaintiff's Motion should be denied in its entirety.

### C.     Plaintiff Did Not Warn Defendant That It's Alleged Failure To Cooperate In Discovery Could Lead To The Sanction.

The Parties discovery issues should have been addressed between counsel prior to filing the Motion. A simple response to Defendant's letter may have avoided this Court having to review the Motion.

Local Rule 37.1 addresses discovery disputes. Relevant to the Motion, Local Rule 37.1(a)(1) provides that "[d]iscovery disputes shall be referred to a Judicial Officer only after counsel for the party seeking the disputed discovery has made, and certified to the Court the making of, sincere, good faith efforts to resolve such disputes." The failure to comply with Local Rule 37.1 is grounds for denial of a discovery motion. *Salem v. City of Akron*, Case No. 5:18cv1754, 2020 U.S. Dist. LEXIS 44180 *13 (N.D. Ohio March 13, 2020) ("Defendants' Motion is denied for failure to comply with Local Rule 37.1").

The *Salem* Court set forth the uniform authorities from the Northern District of Ohio that mandate counsel try to resolve discovery issues prior to filing a discovery motion with this Court:

> As is clear from the Rule, before a party may file a discovery motion, it must certify that it has attempted in good faith to resolve the dispute, and contact the court to apprise the court of the dispute and afford it an opportunity to resolve the dispute either by means of a phone conference or, if that fails, upon letters setting forth the parties' respective positions. *See Infocision Management Corp. v. Foundation for Moral Law, Inc*., 2009 U.S. Dist. LEXIS 55023, 2009 WL 1661650 at * 2 (N.D. Ohio June 15, 2009). Failure to comply with the procedures set forth in Local Rule 37.1(a) may result in the denial of the subsequent discovery motion. *See e.g., Diorio v. TMI Hospitality*, 2017 U.S. Dist. LEXIS 59676, 2017 WL 1399869 at * 2 (N.D. Ohio April 19, 2017); *St. John v. Bosley, Inc.*, 2011 U.S. Dist. LEXIS 43199, 2011 WL 1542532 at * 2 (N.D. Ohio April 21, 2011); *Infocision Management Corp*., 2009 U.S. Dist. LEXIS 55023, 2009 WL 1661650 at * 2; *Schneider Saddlery Co. v. Best Shot Pet Prod. Intl*., LLC, 2007 U.S. Dist. LEXIS 83676, 2007 WL 3232452 (N.D. Ohio Nov. 1, 2007).

*Id.* at *13.

Here, the Motion does not include a Rule 37 certification.  (ECF #29).  More importantly, after sending one email, Plaintiff did not respond to Defendant's discovery letter, phone counsel, or ask for any further supplementation.  (Declaration of Counsel at Pg. 2 ).  Rather, Plaintiff simply filed the Motion and asked this Court to award sanctions and fees.  Plaintiff did not warn Defendant about the potential sanctions. Plaintiff has failed to comply with Local Rule 37.1 and the Motion should be denied in its entirety.

IV.  **CONCLUSION**

Based on the above-cited arguments and authorities, Defendant respectfully requests that this Court enter an order denying Plaintiff's Motion For Sanctions and to Show Cause in its entirety.

Respectfully submitted,

*/s/ David A. Campbell*
David A. Campbell (0066494)
Andrea V. Arnold (0099455)
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street
Suite 2250
Cleveland, OH 44114
Phone: (216) 298-1262
Fax: (216) 344-9421
david.a.campbell@lewisbrisbois.com
andrea.arnold@lewisbrisbois.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned herby certifies that on this 23rd day of September, 2021, a true and accurate copy of the foregoing was filed on the Court's electronic filing system and a pdf copy was served on the following:

Cathleen Bolek
Bolek Besser Glesius LLC
Monarch Centre, Suite 302
5885 Landerbrook Drive
Cleveland, Ohio 44124
cbolek@bolekbesser.com

/s/ David A. Campbell
David A. Campbell (0066494)
Lewis Brisbois Bisgaard & Smith, LLP

*One of the Attorneys for Defendant*