# EXHIBIT 1

**IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| RICHARD A. BAUMGART | : | CASE NO.  1:20-CV-00998 |
| CHAPTER 7 TRUSTEE FOR THE | : | |
| BANKRUPTCY ESTATE OF | : | |
| YAZMIN TORRES-DUQUM | : | |
| | : | JUDGE: DAN A. POLSTER |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| UNIVERSITY HOSPITALS | : | |
| CLEVELAND MEDICAL CENTER | : | |
| | : | |
| Defendant. | : | |

<u>**DECLARATION OF COUNSEL**</u>

I, David A. Campbell, being duly cautioned and sworn, hereby declares as follows:

1.      I am over the age of 18 and competent to testify on the matters and facts contained in this Declaration.

2.      I am lead counsel for Defendant University Hospitals Cleveland Medical Center ("UH" or "Defendant") in this matter.

3.      This Declaration is based on my personal knowledge.

4.      On August 5, 2021, this Court ordered both Plaintiff and Defendant to respond to discovery issues raised by the Parties through letters to this Court.  The Parties were provided until September 9, 2021 to respond to the discovery issues presented to the Court.

5.      On September 9, 2021, Defendant produced a supplemental written response and 411 documents.

6.      A copy of the supplemental written response, without the document production, is attached hereto as Exhibit A.

1

7.      A day later, Plaintiff sent an email raising alleged discovery issues.  A true and correct copy of the email is attached hereto as Exhibit B.

8.      In response to the short email, Defendant provided a three page response letter that addressed each of the points raised in Plaintiff's email.  A true and correct copy of the response letter is attached as Exhibit C.

9.      Plaintiff never responded to the letter.  Plaintiff did not email, send a letter or request a phone conference.

10.      Rather, without advance notice, Plaintiff filed the Motion.

11.      One of the issues raised in the Motion is that Plaintiff was discharged by UH. Plaintiff's interrogatory response is as follows.  The response does not allege that Torres was discharged by UH:

> **INTERROGATORY NO. 12:**
>
> Identify all employment Torres has held from January 1, 2010 through January 1, 2016 and for each period of employment identify the employer, the position held, the reason for leaving the employment, and Torres' income.
>
> **ANSWER:**
>
> Objection. Plaintiff does not seek damages for any lost wages after February 2018, when Torres became employed full time at a salary comparable to what she earned working for Defendant.
> January 2010-May 2010
> Select Medical (Novacare and Avon Orthopedics) Staff Physical Therapist
> Reason for Leaving: took a position at UH Case Medical Center in May 2010; position closer to home

2

May 2010-December 2014 University Hospitals Case Medical Center (currently known as Cleveland Medical Center) Bolwell Location
Staff Physical Therapist
Reason for Leaving: transfer to a satellite location closer to home (moved from Cleveland Heights to Chesterland in December 2014)

December 2014- February 9, 2016 (last day worked) but officially terminated in 2019 University Hospitals Rehabilitation and Sports Medicine JCC location
Senior Physical Therapist
Reason for Leaving: Asked for accommodations and transfer to another location; denied accommodations
December 2016 UH St. John's Hospital PRN Physical Therapist
Never received hours

Louis Vuitton SAKS Beachwood Place Holiday Help December 2016- January 2017; returned Part-Time February 2017-May 2017
August 2017-December 2017
UH Rehabilitation and Sports Medicine Warrensville Heights Location
PRN Physical Therapist

12. Despite filing the Motion and seeking sanctions, Plaintiff continues to supplement Plaintiff's response to this Court's Order. In contrast to Plaintiff, Defendant has asked questions, waiting for supplementation and has not threatened any Court action. Most recently, on September 21, 2021, Plaintiff admitted that Plaintiff failed to provide correct information in response to the Court order. No threats of sanctions or discovery motions were made by Defendant in response to the admission of a mistake.

13. I am prepared to testify to these facts if necessary.

I have read the foregoing declaration and I affirm under penalty of perjury under the laws of Ohio and the United States of America that the foregoing is true and accurate to the best of my knowledge, information, and belief.

David A. Campbell

9 - 23 - 21
Date

# EXHIBIT A

## IN THE UNITED STATES DISTRICT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD A. BAUMGART | : | CASE NO.  1:20-CV-00998 |
| CHAPTER 7 TRUSTEE FOR THE | : | |
| BANKRUPTCY ESTATE OF | : | |
| YAZMIN TORRES-DUQUM | : | |
| | : | JUDGE: DAN A. POLSTER |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| UNIVERSITY HOSPITALS | : | |
| CLEVELAND MEDICAL CENTER | : | |
| | : | |
| Defendant. | : | |

### DEFENDANT'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS PURSUANT TO THE COURT'S ORDER OF AUGUST 4, 2021

Pursuant to the Court's Minute Order issued on August 4, 2021 and published by the Court on August 5, 2021, Defendant University Hospitals Cleveland Medical Center ("Defendant" or "UHCMC") hereby provides supplemental answers to Plaintiff Richard A. Baumgart Chapter 7 Trustee for the Bankruptcy Estate of Yazmin Torres-Duqum's ("Plaintiff") First Set of Interrogatories and Document Requests (the "Discovery Requests") as follows:

### GENERAL OBJECTIONS

Defendant's answers to Plaintiff's Discovery are based upon information and documents currently available. Defendant's research, investigation, discovery and analysis are continuing. Defendant reserves the right to make changes to its answers or to present new and additional information at trial, to correct errors or omissions, to reflect more accurate information or to include subsequently discovered facts concerning matters covered by the Requests. Defendant reserves the right to supplement and amend any of its answers at any time prior to trial.

Defendant sets forth their general objections to the Discovery and Requests, which are applicable to all of Defendant's answers.

1.    Defendant objects to producing any information in response to the Requests that is protected by the attorney-client privilege, the work product doctrine or any other applicable protection, restriction or immunity from discovery.

2.    Defendant objects to the Requests to the extent that they seek or purport to impose on Defendant's obligations other than those prescribed by the Federal Rules of Civil Procedure, the Local Rules of the Court, or any order entered by the Court in this matter.

3.    Defendant objects to Plaintiff's definitions and Requests to the extent that they are overly broad, ambiguous, and/or confusing.

4.    Defendant objects to the Requests to the extent they seek information not reasonably available to Defendant or in Defendant's possession or control.

5.    Defendant objects to the Requests to the extent that providing the requested information would impose an unreasonable burden and expense upon Defendant.

6.    Defendant objects to the Requests to the extent that they seek information duplicative of other requests.

7.    Defendant objects to the Requests to the extent that they call for legal conclusions.

8.    Defendant objects to the Requests to the extent that the information sought is a matter of public record, which is equally accessible and available to Plaintiff, on the grounds that providing such information would impose an unreasonable burden and expense upon Defendant.

9.    By answering the Requests, Defendant does not concede that such an answer is relevant, material, or admissible in evidence.  Defendant reserves the right to object to the use of such answers as evidence.

2

10.     By answering the Requests, Defendant does not intend in any way to waive its rights to protecting the confidential and/or proprietary nature of business or personal information except pursuant to an appropriate confidentiality agreement and/or protective order.

11.     Defendant objects to the Requests to the extent that they do not include a reasonable time frame applicable to the request.

12.     Defendant objects to the Requests to the extent that they seek documents and information addressing legal issues not identified in Plaintiff's charges of discrimination.

13.     Each of Defendant's objections apply, without exception, to the Requests, whether or not subject objections are repeated within the response to any particular Interrogatory.

Subject to and without waiving the foregoing general objections, Defendant answers the Requests as follows:

**SUPPLEMENTAL ISSUE NO. 1: Addresses and telephone numbers for witnesses, despite having this information.**

- Michele Collins (Hippler-Brant) – SJMC – 824 Superior Dr., Huron, OH 44839 (440) 781-2075

- Pamela Lanter – SJMC – 1444 Beethoven Dr., Westlake, OH 44145

- Nate Tekavec – UHCMC – 7095 Sandbridge Ct. Mentor, OH 44060 (440) 376-7823

- Paul Smith – UHCMC – 7655 Hopkins Rd., Mentor, OH 44060 (440) 974-2224

- Scott Kline – UHCMC – 508 Cobblestone Ct., Wadsworth, OH 44281 (330) 696-3539

- Paul Smith – UHCMC – 7655 Hopkins Road, Mentor, Ohio 44060 (440) 974-2224

- Jason Ashby – UHCMC (no longer employed) – 8594 Apple Hill rd., Chagrin Falls, OH 44023 (440) 554-5849

- Gordon Wyman – UHCMC (no longer employed) – 3815 West San Jan St., Tampa, FL 33629 (216) 849-6470

- Valerie Jaggie – 545 E. Overlook, Eastlake, OH 44095 (440) 488-7671

3

- Lisa Edgehouse was the employee that handled FMLA requests. – 9527 Brook Rd., Olmsted, OH 44138 (440) 376-3322

- Kevin Brochetti, PRN, former employee.  Defendant is seeking his last known contact information and will provide it to Plaintiff. – 19875 Center Ridge Rd., Rocky River, OH 44116

- Marc Cubbison – 5050 Corey Ave., Perry, OH 44081 (440) 567-6383

- Amy Cruz, Torres' co-worker, former employee. – 2150 W. 41st St., Cleveland, OH 44113 (513) 289-1729

- Amanda Giddens, Torres' co-worker, current employee – 777 Bellus Rd., Hinckley Township, OH 44233.

**SUPPLEMENTAL ISSUE NO. 2: Identify the individuals who made the decisions at issue in this case.**

**INTERROGATORY NO. 9:** State the name, residence and business address, residence and business telephone number, job title, and dates of employment for each employee, agent, or representative of Defendant who was involved in each of the following decisions, and for each state the date(s) of each decision and identify the individuals who made the ultimate decision.

a) to hire Yazmin Torres-Duqum;

b) to evaluate Yazmin Torres-Duqum for any position she applied for with the Defendant from the time she was hired by Defendant until the present;

c) to grant or deny Yazmin Torres-Duqum an interview for any position she applied for from the time she was hired by Defendant until the present;

d) to offer Yazmin Torres-Duqum a position for which she applied from the time she was hired by Defendant until the present;

e) to deny Yazmin Torres-Duqum an offer for a position for which she applied from the time she was hired by Defendant until the present;

4

f) to issue Yazmin Torres-Duqum any discipline or corrective action plans during her employment with Defendant;

g) whether to schedule Yazmin Torres-Duqum for any hours as a PRN physical therapist;

h) to grant or deny her application for medical leave and/or Family Medical Leave at any time during her employment with Defendant;

i) to grant or deny her request to transfer to an available position with the Defendant; and

j) to terminate her employment.

**ANSWER:**

Defendant objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and does not contain a temporal limitation. Defendant additionally objects to this Interrogatory to the extent that it seeks information from individuals and/or third parties who are not employed by Defendant or who are otherwise not currently in this lawsuit. Subject to and without waiving the foregoing general and specific objections, Defendant states: (1) see Defendant's Initial Disclosures; and (2) Torres' supervisors during her employment with UHCMC and SJMC were as follows:

- Michele Collins (Hippler-Brant) – SJMC
- Pamela Lanter – SJMC
- Nate Tekavec – UHCMC
- Paul Smith – UHCMC
- Scott Kline – UHCMC
- Paul Smith – UHCMC
- Jason Ashby – UHCMC (no longer employed)
- Gordon Wyman – UHCMC (no longer employed)

These supervisors are listed from the most recent (the top) to Torres' first supervisor (the bottom).

Gordon Wyman was responsible for hiring Plaintiff. Michelle Hipler-Brant supervised Plaintiff at SJMC. Pam Lanter was the hiring manager for the SJMC position. Lisa Edgehouse

5

was the UHCMC employee who handled the FMLA issues.  Finally, the applicants, hiring manager, and individuals hired for the positions at issue are included in the recruiting files produced herewith.

**SUPPLEMENTAL ISSUE NO. 3: Ms. Torres' complete personnel file.**

Defendant has produced all documents contained in Ms. Torres' UHCMC personnel file.

**SUPPLEMENTAL ISSUE NO. 4: Personnel file other than that of Ms. Torres.**

Defendant produces the files of Lisa Edgehouse, Nathan Tekovec, Pamela Lanter, and Michelle Hipler-Brant herewith.  UHCMC has searched, but it has not found a personnel file for Gordon Wyman (hire).

**SUPPLEMENTAL ISSUE NO. 5: Job postings for the positions at issue or any documents related to the decision-making process.**

Defendant objects to this request to the extent that it is seeking documents and information not subject to the underlying charges of discrimination filed by Plaintiff.  Subject to and without waiving this objection, Defendant produces the recruiting files for the positions that Plaintiff applied for during the relevant time period.

**SUPPLEMENTAL ISSUE NO. 6: Produce any information about similar claims.**

It is unclear what "similar claims" means or entails.  Defendant further objects to this request to the extent that every disability accommodation issue is fact specific.  Subject to and without waiving the foregoing objections, Defendant produces herewith a list of charges and lawsuits involving disability discrimination and retaliation.

**SUPPLEMENTAL ISSUE NO. 7: Undue Hardship Documents.**

Defendant has produced all documents demonstrating its undue hardship.  Plaintiff's only requested accommodation was not reasonable as a matter of law.  As discovery progresses and

6

Plaintiff testifies to the accommodation sought in her deposition, Defendant will supplement this response.

> Respectfully submitted,
>
> */s/ David A. Campbell*
> David A. Campbell (0066494)
> Andrea V. Arnold (0099455)
> Lewis Brisbois Bisgaard & Smith, LLP
> 1375 E. 9th Street
> Suite 2250
> Cleveland, OH 44114
> Phone: (216) 298-1262
> Fax: (216) 344-9421
> david.a.campbell@lewisbrisbois.com
> andrea.arnold@lewisbrisbois.com
>
> *Attorneys for Defendant*

7

## CERTIFICATE OF SERVICE

The undersigned herby certifies that on this 9th day of September, 2021, a true and accurate

copy of the foregoing was sent to:

Cathleen Bolek
Bolek Besser Glesius LLC
Monarch Centre, Suite 302
5885 Landerbrook Drive
Cleveland, Ohio 44124
cbolek@bolekbesser.com

/s/ David A. Campbell
David A. Campbell (0066494)
Lewis Brisbois Bisgaard & Smith

*One of the Attorneys for Defendant*

8

# EXHIBIT B

**From:** Cathleen Bolek <cbolek@bolekbesser.com>
**Sent:** Friday, September 10, 2021 3:01 PM
**To:** Campbell, David A. (Cleveland) <David.A.Campbell@lewisbrisbois.com>
**Subject:** [EXT] Baumgart/Stein v. UH

Caution:This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Counsel,

I have made a preliminary review of the documents you produced yesterday in response to the Court's order.  You were ordered to produce the following information and documents, which were not in your production:

1.  A complete response to Interrogatory No. 9, which asks Defendant to identify which of its employees made the decision to terminate Ms. Torres. You stated only that "Lisa Edgehouse was the UHCMC employee who handled the FMLA issues." Did Ms Edgehouse alone make the decision to terminate Ms. Torres?

3. Ms.Torres' complete personnel file. I have previously listed documents that have not been produced. You have admitted that the entire file has not been produced.

4. Complete responses to Request for Production Nos. 5 and 18, with the complete personnel files of all of the individuals who made all of the decisions at issue, and the complete personnel files of all of Plaintiff's comparators. It does not appear that you have provided the personnel files for all of the individuals who decided whether to interview and hire Ms. Torres for positions she applied for; and issue corrective action to her (if applicable). If any other employees were involved in the decision to grant or deny her medical leave and accommodation requests and terminate her, produce their personnel files as well.

You were ordered to produce complete responses to Interrogatory No. 11 and Request for Production No. 6. Instead, you only produced a list of discrimination and retaliation claims made. You did not provide information regarding how each was resolved, and you did not produce any of the documents responsive to Request for Production No. 6, as you were ordered to do.

Finally, you were ordered to produce a complete response to Interrogatory No. 14. Please confirm that no responsive documents exist or produce them.

Please comply with the Court's order in full not later than Monday at the close of business to avoid a motion to show cause. Thank you.

Cathleen Bolek
Attorney at Law

**BOLEK BESSER GLESIUS LLC**
Monarch Centre, Suite 302
5885 Landerbrook Drive
Cleveland, Ohio 44124
cbolek@bolekbesser.com
T 216.464.3004
F 866.542.0743
bbgohio.com

  

 

ALL INFORMATION CONTAINED IN THIS E-MAIL TRANSMISSION IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENT. This transmission may contain attorney-client communications and/or attorney work product, and as such is privileged and confidential. If you are not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error. The sender requests that you immediately delete this message and notify sender of the error. Do not read, use or disseminate the information.

# EXHIBIT C



LEWIS BRISBOIS BISGAARD & SMITH LLP

David A. Campbell
1375 E. 9th Street, Suite 2250
Cleveland, Ohio 44114
David.A.Campbell@lewisbrisbois.com
Direct: 216.298.1261

September 15, 2021

**VIA ELECTRONIC MAIL**

Cathleen Bolek
Bolek Besser Glesius LLC
Monarch Centre, Suite 302
5885 Landerbrook Drive
Cleveland, Ohio 44124
cbolek@bolekbesser.com

> Re:   _Richard A. Baumgart v. University Hospitals Cleveland Medical Center_
>       Case No. 1:20-CV-00998

Dear Ms. Bolek:

This letter responds to your email of September 10, 2021 in the captioned-matter.   Specifically, shortly after Defendant produced a substantial number of documents and information in response to the Court's order, you sent a short email immediately threatening a show cause motion.   The short email included three numbered paragraphs that were mis-numbered and then some stream of thought sentences that followed.

Defendant is happy to discuss these issues and compliance with the Court's order, but it is quite obvious that Plaintiff is simply seeking to delay Torres' long sought deposition.   It is also not appropriate to immediately threaten a show cause motion without even attempting to meet and confer.   Please review this letter and let me know if any continuing issues exist.

Each of the issues addressed in your September email are copied, bolded, and addressed herein:

**A complete response to Interrogatory No. 9, which asks Defendant to identify which of its employees made the decision to terminate Ms. Torres. You stated only that "Lisa Edgehouse was the UHCMC employee who handled the FMLA issues." Did Ms Edgehouse alone make the decision to terminate Ms. Torres?**

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY
LOUISIANA • MARYLAND • MASSACHUSETTS • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK
NORTH CAROLINA • OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TEXAS • UTAH • WASHINGTON • WEST VIRGINIA
4843-2488-8571.1

Cathleen Bolek
September 15, 2021
Page 2

Defendant is confused by this request.  Ms. Torres filed two charges of discrimination prior to this lawsuit, but neither of the charges alleged that Ms. Torres was discharged.  In addition, based on the interrogatory responses, Ms. Torres worked for two non-party UH facilities after transferring out of her position at the JCC location.  Plaintiff's interrogatory response does not allege that Plaintiff was discharged from her employment with either University Hospitals St. John Medical Center or UH Rehabilitation and Sports Medicine Warrensville Heights Location.  Most importantly, Defendant has no record of Ms. Torres being discharged.

Accordingly, Defendant has no record of anyone who made a decision that never occurred.  If Plaintiff believes that a discharge took place, please provide the name of the employer that discharged her, the date of the discharge, and the supervisor who performed the discharge.

**Ms.Torres' complete personnel file. I have previously listed documents that have not been produced. You have admitted that the entire file has not been produced.**

Ms. Torres' complete personnel file has been produced.  Defendant verified this production in its supplemental response.  I have never "admitted that the entire file has not been produced" as alleged in your email.  Defendant stands by its supplemental production.

**Complete responses to Request for Production Nos. 5 and 18, with the complete personnel files of all of the individuals who made all of the decisions at issue, and the complete personnel files of all of Plaintiff's comparators. It does not appear that you have provided the personnel files for all of the individuals who decided whether to interview and hire Ms. Torres for positions she applied for; and issue corrective action to her (if applicable). If any other employees were involved in the decision to grant or deny her medical leave and accommodation requests and terminate her, produce their personnel files as well.**

Ms. Torres was not discharged.  Defendant does not see a record of any corrective action in Ms. Torres' file.  If you believe such corrective action exists, please provide it along with the name of the supervisor who issued the discipline and we are happy to provide you with the file.  As to other individuals involved in the application process, we produced the complete application files.  If you believe that personnel files are missing, please provide the names of the individuals at issue and we will promptly respond.  Quite frankly, it does not appear that Plaintiff has conducted a good faith review of the discovery responses prior to sending this email communication, but has rather simply sent this email to threaten Defendant.

Cathleen Bolek
September 15, 2021
Page 3

**You were ordered to produce complete responses to Interrogatory No. 11 and Request for Production No. 6. Instead, you only produced a list of discrimination and retaliation claims made. You did not provide information regarding how each was resolved, and you did not produce any of the documents responsive to Request for Production No. 6, as you were ordered to do.**

Your letter to the Court asked for information about similar claims. Defendant produced a summary of charges and lawsuits alleging retaliation and disability discrimination. The summary included the name of the plaintiff and a summary of the allegations. If Plaintiff believes additional information is required to be produced, please provide a list of the documents and information beyond simply a conclusory statement. Defendant will promptly review and respond to your letter.

**Finally, you were ordered to produce a complete response to Interrogatory No. 14. Please confirm that no responsive documents exist or produce them.**

Defendant provided Ms. Torres with an extended leave of absence to permit her to apply for available positions. No accommodations were denied and, therefore, there is no undue hardship associated with Plaintiff's accommodation requests. If Ms.Torres is finally deposed and claims additional accommodations, Defendant will supplement its response if any undue hardship issues are present.

It is time for Ms.Torres to be deposed so this litigation can move forward. We served the notice of deposition today and Defendant expects that Plaintiff will comply with the Court's order on the deposition.

Very truly yours,

David A. Campbell of
LEWIS BRISBOIS BISGAARD & SMITH LLP

DAC