**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| SHELDON STEIN | : | |
| CHAPTER 7 TRUSTEE FOR THE | : | |
| BANKRUPTCY ESTATE OF | : | |
| YAZMIN TORRES-DUQUM | : | |
| | : | CASE NO. 1:20-CV-00998 |
| Plaintiff, | : | |
| | : | |
| v. | : | JUDGE DAVID A. RUIZ |
| | : | |
| UNIVERSITY HOSPITALS | : | |
| CLEVELAND MEDICAL CENTER | : | |
| | : | |
| Defendant. | : | |

**DEFENDANTS' MOTION TO STRIKE THE NOVEL
DISCOVERY ISSUES RAISED IN PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
- AND –
RESPONSE TO THE NOVEL DISCOVERY
ISSUES RAISED BY PLAINTIFF IN HER OPPOSITION**

Defendant University Hospitals Cleveland Medical Center ("Defendant" or "UHCMC") hereby moves this Court to strike the novel discovery dispute raised in Plaintiff Sheldon Stein, Chapter 7 Trustee for the Bankruptcy Estate of Yazmin Torres-Duqum's ("Plaintiff") (Yazmin Torres-Duqum is referred to as "Torres") Opposition to Defendant's Motion for Summary Judgment ("Opposition"), and the arguments in support of this novel discovery dispute.

Local Rule 37.1 sets forth the requirements for raising discovery disputes with the Court. There is no dispute that Plaintiff failed to comply with those requirements with respect to the discovery dispute at issue in the Opposition.  Further, Plaintiff was required to raise any and all discovery disputes with this Court by November 28, 2022.   There is no dispute that the alleged discovery dispute existed prior to the close of discovery, yet Plaintiff failed to raise the issue until January 27, 2023, when it did so in its Opposition.  Accordingly, the discovery dispute is neither ripe for this Court's review nor is it timely.

Further, even if not untimely, Plaintiff nonetheless cannot satisfy its burden to show that the severe sanction of an adverse evidentiary inference is warranted. *Gomez v. Metro Gov't of Nashville & Davidson Cty.*, No. 3:19-cv-00026, 2021 U.S. Dist. LEXIS 145910, *10 (M.D. Tenn. Aug. 4, 2021).

Accordingly, Plaintiff's request for an evidentiary sanction should be denied and any reference to the novel discovery issue should be stricken from Plaintiff's Opposition.

This Motion is supported by the attached Memorandum in Support and the Declaration of David Campbell.

Respectfully submitted,

*/s/ David A. Campbell*
David A. Campbell (0066494)
Donald G. Slezak (0092422)
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street
Suite 2250
Cleveland, OH 44114
Phone: (216) 298-1262
Fax: (216) 344-9421
david.a.campbell@lewisbrisbois.com
donald.slezak@lewisbrisbois.com

*Attorneys for Defendant*

<u>**MEMORANDUM IN SUPPORT**</u>

**I.      <u>INTRODUCTION</u>.**

Northern District of Ohio Local Rule 37.1 requires that all discovery disputes be raised according to the procedures set forth therein.  Specifically, Local Rule 37.1 requires a meet and confer process, a certification of the good faith effort to meet and confer, a conference with a judicial officer, and letters to a judicial officer outlining the discovery issue.  In the event that the dispute is not resolved, only then may a party file a motion to compel that entails briefing and a hearing on the issue.  Finally, a party is required to raise all discovery disputes with the Court no later than ten days after the close of discovery.

Plaintiff Sheldon Stein, Chapter 7 Trustee for the Bankruptcy Estate of Yazmin Torres-Duqum's ("Plaintiff") (Yazmin Torres-Duqum is referred to as "Torres") raised with this Court – for the first time – a novel discovery dispute in its Opposition to Defendant University Hospitals Cleveland Medical Center's ("UHCMC" or "Defendant") Motion for Summary Judgment on January 27, 2023.  There is no dispute that Plaintiff failed to comply with all requirements set forth in Local Rule 37.1 when raising the novel discovery.  Plaintiff failed to file a motion to compel, failed to engage in any meet and confer with Defendant or certify to this Court that such a meet and confer occurred, and failed to notify a judicial officer concerning the alleged discovery dispute and complete the necessary briefing required by Local Rule 37.1 Finally, discovery in this matter closed on November 18, 2022 and, therefore, the parties were required to raise any discovery disputes with the Court through by November 28, 2022. Accordingly, Plaintiff has not exhausted the requirements for raising its discovery dispute, nor has Plaintiff raised the discovery dispute in a timely fashion.

Assuming, *arguendo*, that Plaintiff's discovery dispute is proper for this Court to consider – which it is not – Plaintiff nonetheless cannot prove that it is entitled to the severe sanction of an adverse evidentiary inference.  Plaintiff has the burden to prove that (1) (Defendant had control over the evidence and an obligation to preserve it at the time it was destroyed; (2) Defendant must have destroyed the evidence with a culpable state of mind; and (3) the destroyed evidence must be relevant to the Plaintiff's claim or defense. *Byrd v. Alpha Alliance Ins. Co.*, 518 Fed. Appx. 380, 384 (6th Cir. 2013).

Here, Plaintiff's whole argument is based upon the testimony of Christine Middleton, a former recruiter working for Defendant.  As to the handwritten notes sought by Plaintiff, Ms. Middleton's testimony confirmed that any handwritten notes would not contain anything relevant or of significance to Plaintiff's claims.  As to the remaining documents raised in the Opposition, Defendant has produced many documents in this matter, many of which contain the notes related to the documents sought in the Opposition.  To the extent that Plaintiff believes that other documents exist, Ms. Middleton's testimony did not conclusively prove that the requested documents existed or were destroyed by Defendant.  More importantly, even if such documents existed, there is absolutely no evidence in the record or in Plaintiff's Opposition that Defendant acted with the culpable state of mind in losing or destroying the documents. *Drips Holdings, LLC v. Teledrip LLC*, No. 5:19-cv-2789, 2022 U.S. Dist. LEXIS 178233, *8 (N.D. Ohio Sep. 29, 2022) (a party must show that the documents at issue were destroyed with intent – mere negligence or gross negligence is not enough).

Finally, there is no evidence that the alleged documents are relevant to Plaintiff's claims and, even if they were, there is no reason that such documents should discredit or trump the clear and unambiguous testimony of Christine Middleton on the issues.

Accordingly, Plaintiff's discovery dispute is inappropriate and untimely and, therefore, Defendant respectfully requests that this Court grant this Motion and strike all references and arguments to the alleged discovery dispute in Plaintiff's Opposition.

## II.    RELEVANT FACTS

### A.    Discovery Closed On November 18, 2022.

The Parties engaged in more than two years of discovery related to Plaintiff's claims. (ECF # 13; *see also* Docket at August 11, 2022).  During that time, the Court entertained two discovery disputes raised by the Parties.  The first discovery dispute involved issues raised by both Plaintiff and Defendant, which this Court resolved on August 5, 2021. (*See* Docket at 8/5/2021).

This Court addressed and resolved a second discovery dispute on August 11, 2022. (*See* ECF # 38).

Discovery in this matter closed on November 18, 2022. (*See* docket at 8/11/2022).  No further discovery disputes were raised or heard by this Court prior to the November 18, 2022 discovery deadline. (*See generally*, Docket).

### B.    Plaintiff Raised A Novel Discovery Dispute In Its Opposition To Defendant's Motion For Summary Judgment.

Plaintiff and Defendant filed cross-motions for summary judgment on December 19, 2022.  Plaintiff filed its Opposition to Defendant's Motion for Summary Judgment (the "Opposition") on January 27, 2023.  In the Opposition, Plaintiff raises with this Court – for the first time – a discovery issue and seeks an adverse evidentiary inference with respect thereto. (Opposition at 7-8 and 17-19).  Specifically, Plaintiff alleges that Defendant's former employee, Christine Middleton, testified to having notes related to certain interviews concerning Torres. (Opposition at 7-8 and 17-19).  Plaintiff alleges that Ms. Middleton's testimony is proof positive

that these notes exist, that Defendant had copies of these notes, and that Defendant's failure to produce these notes support an adverse evidentiary inference. (*Id.*).

In support of these allegations, Plaintiff attaches the declaration of Plaintiff's counsel, Cathleen Bolek. (ECF # 50-10).  The declaration is supported by several exhibits, one of which is an email dated October 21, 2022 from Plaintiff's counsel to Defendant's counsel. (ECF # 50-12).  In the email, Plaintiff alleges that the notes referenced in the Opposition should have been produced pursuant to this Court's prior discovery order:

> At the deposition of Christine Middleton, she testified that UH uses a system called Taleo, where all interview notes and related communications between the recruiters and the hiring managers are stored…. [these documents] should have been produced in this case before September 9, 2021.
>
> "Ms, Middleton also testified that as of April 4, 2022, she was in possession of handwritten notes regarding Ms. Torres, and she gave those notes to her manager. Those notes should have been produced by September 9, 2021. Please produce no later than October 7, 2022 so that I may determine whether it is necessary to depose Ms. Middleton again."

(ECF # 50-12).

Accordingly, there is no dispute that Plaintiff was aware of this issue well in advance of the November 18, 2022 discovery deadline.  Importantly, Plaintiff did not seek to depose Ms. Middleton a second time.

## C.    The Deposition Testimony And Discovery In This Matter Do Not Support Plaintiff's Allegations.

As an initial matter, as to the alleged "notes" in Taleo, Middleton was uncertain as to the existence of the alleged "notes" or their location:

> Q: So where would those notes be?
> A: They would probably be part of our applicant tracking system, Taleo, or previously to that it was HireVue or they would be printed or in a folder with the legal department.

(Deposition of Christine Middleton at 26-27).

Importantly, Defendant produced many documents in this lawsuit. (Declaration of David Campbell (hereinafter "Decl. Campbell at ___") at ℙ 3).  Many of the documents produced contained notes and comments related to Torres' application process. (Decl. Campbell at ℙ 4). In fact, Defendant produced many interview documents, including notes, on October 27, 2022. (Decl. Campbell at ℙ 6; *see also* ECF # 50-12).  These documents were produced in response to the issues raised in Plaintiff's October 21, 2022 email, which are the same issues raised in Plaintiff's Opposition. ((Decl. Campbell at ℙ 7).

As to the handwritten "notes" referenced in the Opposition, Plaintiff's Opposition conclusory states that the notes referenced by Middleton existed and would contain information relevant to Plaintiff's claims. (Opposition at 7-8)  However, Middleton's testimony makes clear that she did not share her notes within anyone prior to her resignation and that her "notes" would not have contained any information relevant to Plaintiff's claims:

> Q: Did you have any handwritten notes at any time about anything having to do with Ms. Torres?
> A: I did and they were in a folder.  It was a purple folder with her name on it that I did keep isolated and when I resigned, I handed that folder to my manager.  It was a very thin folder, maybe a couple pages.
> Q: Had you given those notes to anyone prior to the time that you resigned?
> A: I don't think so.
> Q: And so you have those notes to the manager in April?
> A: Yes. April 4. And I think they were just quick notes I had jotted down on a piece of paper handwritten life, "Yazmin wants to speak to me at 3 p.m. on Tuesday." And so I ripped those off my notepad and put them in there just so I had them documented."

(Deposition of Christine Middleton at 72-73).

Ms. Middleton's notes were produced during this lawsuit. (Dep. Middleton at 34-36, 40 and Exhibits 9, 10, 11, 12).  Defendant searched for the alleged handwritten "notes" but was unable to find the "notes" or determine whether the "notes" existed in the first place.

### D.      Middleton Testified To The Relevant Issues.

Finally, and most important, Middleton provided testimony concerning Torres' application process and the reasons supporting Defendant's decisions to not select her for the positions.

As to that testimony, Middleton testified that Torres was very difficult, rude, and inappropriate during the application process. (Dep. Middleton at 17-18, 21-22, 37, 41, 65, 66, 78, and 92-96).  For example, Torres frequently failed to respond to emails and calls concerning pending applications and interview requests, often failing to return communications to UHCMC for weeks on end. (Dep. Middleton at 21-22, 65).  As another example, Torres often berated the recruiter assigned to assist her during the application process and, at times, threatened to take legal action against the recruiter. (Dep. Middleton at 65-66) ("And then when I called to let her know they were moving forward with another applicant, she let me know how she was going to sue me and I wouldn't be employed again and UH would have to let me go").  Torres' inappropriate conduct forced UHCMC's recruiter to have a witness present during every call with Torres. (Dep. Middleton at 17-18, 21-22, and 41).

Despite Torres' highly inappropriate conduct, Torres was still recommended for interviews by hiring managers. (Dep. Middleton at 38).  In fact, UHCMC provided Torres with extra attention by providing her with preparation sessions in an effort to improve her interview skills – a service that was not standard for UHCMC to provide applicants. (Dep. Middleton at

21-22 and 38).    Ultimately, Torres recalls interviewing for eight to twelve positions. (Dep. Torres at 96).

As to the positions for which Torres applied, Torres admits that she withdrew her application from some of the positions because she determined that she did not qualify for the position. (Dep. Torres at 97-98).  Some of the positions were canceled and never filled. (Dep. Torres at Ex. 8).  For other positions, there is no dispute that Torres was not the best candidate for the position.  (Dep. Torres at 96-97; *see also* Dep. Middleton at 87-88).    Torres was determined to not be the best candidate for the positions for a variety of factors, including poor interviews, being late for interviews, and not a good fit with the particular patient population. (Dep. Middleton at 26, 43, 59, and 87-88; Decl. Middleton at ¶ 9).

Plaintiff has not provided any facts or argument to dispute Middleton's testimony.

## III.     LAW AND ARGUMENT.

### A.     Plaintiff Was Required To Comply With Local Rule 37.1 When Raising Its Discovery Dispute.

A party wishing to obtain an adverse evidentiary inference must first file a motion to compel by complying with the strict requirements of Local Rule 37.1. *See Tate v. GM LLC*, No. 4:16cv2369, 2017 U.S. Dist. LEXIS 209244, *11 (N.D. Ohio Dec. 20, 2017) (court ruled on issue of adverse inference after considering the certifications made pursuant to the requirements of Local Rule 37.1); *see also McCall v. P&G*, No. 1:17-cv-406, 2019 Dist. LEXIS 143161, *20 (S.D. Ohio Aug. 22, 2019) ("[i]f Navarro wants to file a motion on spoliation, she must meet and confer with P&G under Local Rule 37.1.").

Northern District of Ohio Local Rule 37.1 sets forth strict requirements that Parties ***must*** follow with respect to raising discovery disputes with the Court prior to filing a motion to compel:

(a) In the absence of a Judicial Officer establishing an alternative procedure for handling discovery disputes, the following procedure shall apply.

(1) Discovery disputes shall be referred to a Judicial Officer only after counsel for the party seeking the disputed discovery has made, and certified to the Court the making of, sincere, good faith efforts to resolve such disputes.

(2) The Judicial Officer may attempt to resolve the discovery dispute by telephone conference.

(3) In the event the dispute is not resolved by the telephone conference, the parties shall outline their respective positions by letter and the Judicial Officer shall attempt to resolve the dispute without additional legal memoranda.

(4) If the Judicial Officer still is unable to resolve the dispute, the parties may file their respective memoranda in support of and in opposition to the requested discovery by a date set by the Judicial Officer, who may schedule a hearing on the motion to compel.

(b) No discovery dispute shall be brought to the attention of the Court, and no motion to compel may be filed, more than ten (10) days after the discovery cut-off date.

Here, there is no dispute that Plaintiff failed to comply with the requirements of Local Rule 37.1.  First, Plaintiff has failed to file a motion to compel.  Rather, Plaintiff seeks to raise the novel discovery issue through the Opposition.  Accordingly, Plaintiff has failed to raise the discovery issue to this Court through the proper vehicle. *See* Local Rule 37.1.

Further, even if Plaintiff's Opposition is somehow construed as a motion to compel – which it cannot be – Plaintiff has nonetheless failed to comply with the remaining requirements of Local Rule 37.1.  To be sure, Plaintiff never met and conferred with Defendant regarding the discovery issue raised in the Opposition.  Plaintiff has not filed with this court a certification that Plaintiff made a good faith attempt to resolve the discovery dispute.  Lastly, Plaintiff never contacted a judicial officer of this Court regarding the alleged discovery dispute.  Plaintiff cannot

ignore these requirements and eliminate Defendant's ability to resolve any outstanding discovery issues through the required meet and confer process by unilaterally raising the issue with the Court in its Opposition.  Thus, Plaintiff has failed to comply with the requirements of Local Rule 37.1.

Finally, assuming, *arguendo*, that this Court finds that Plaintiff has satisfied the meet and confer requirements set forth in Local Rule 37.1 – which Plaintiff has not done – Plaintiff failed to raise the discovery issue by November 28, 2022 – ten days after the conclusion of discovery, as required by the rule.  Rather, Plaintiff did not raise the discovery issue until January 27, 2023 – in its opposition to Defendant's motion for summary judgement.  Importantly, the Northern District of Ohio upholds the timelines set forth in Local Rule 37.1 and has prohibited parties from raising novel discovery issues in summary judgment briefing.  *See Somogy v. South Local School Dist. Bd. of Educ.*, 2007 U.S. Dist. LEXIS 64745, 2007 WL 2572173, *4 (N.D. Ohio, Aug. 31, 2007) ("Plaintiff's attempt to raise the [discovery-related] dispute in opposition to summary judgment must be rejected as untimely as it is raised more than 10 days after the June 25, 2007 discovery cut-off date*.*").

Accordingly, Plaintiff failed to raise the discovery issue through a motion to compel, failed to comply with the requirements of Local Rule 37.1, and has failed to timely raise the discovery issue to this Court.  Therefore, the novel discovery issue and argument raised in the Opposition must be denied and stricken.

    **B.**    <u>**Plaintiff's Cannot Satisfy Its Burden For An Adverse Evidentiary Inference**</u>.

Even if Plaintiff's discovery issues were not untimely, Plaintiff nonetheless cannot prove the requisite factors to support an adverse evidentiary inference.

Plaintiff has the burden to prove that (1) (Defendant had control over the evidence and an obligation to preserve it at the time it was destroyed; (2) Defendant must have destroyed the evidence with a culpable state of mind; and (3) the destroyed evidence must be relevant to the Plaintiff's claim or defense. *Byrd v. Alpha Alliance Ins. Co.*, 518 Fed. Appx. 380, 384 (6th Cir. 2013). As to a culpable state of mind, mere negligence or even gross negligence is not sufficient. *Drips Holdings, LLC v. Teledrip LLC*, No. 5:19-cv-2789, 2022 U.S. Dist. LEXIS 178233, *8 (N.D. Ohio Sep. 29, 2022). Rather, an adverse evidentiary inference is a severe sanction that "may be imposed only on a finding of specific intent to deprive another party of the information's use in the litigation." *Gomez v. Metro Gov't of Nashville & Davidson Cty.*, No. 3:19-cv-00026, 2021 U.S. Dist. LEXIS 145910, *10 (M.D. Tenn. Aug. 4, 2021). Plaintiff cannot prove its burden with respect to any factor.

### 1.      Plaintiff Cannot Show That The Documents Were Lost Or Destroyed.

As to the first factor, Plaintiff has not proved that the documents sought in the Opposition existed. Plaintiff's entire argument is based upon the testimony of Christine Middleton. As to the alleged "notes" in Taleo, Middleton was uncertain as to the existence of the alleged "notes" or their location:

> Q: So where would those notes be?
> A: They would probably be part of our applicant tracking system, Taleo, or previously to that it was HireVue or they would be printed or in a folder with the legal department.

(Deposition of Christine Middleton at 26-27).

Further, as to the alleged handwritten "notes", Middleton's testimony makes clear that she did not share her notes within anyone prior to her resignation and that her "notes" would not have contained any information relevant to Plaintiff's claims:

> Q: Did you have any handwritten notes at any time about anything having to do with Ms. Torres?

> A: I did and they were in a folder.  It was a purple folder with her name on it that I did keep isolated and when I resigned, I handed that folder to my manager.  It was a very thin folder, maybe a couple pages.
>
> Q: Had you given those notes to anyone prior to the time that you resigned?
>
> A: I don't think so.
>
> Q: And so you have those notes to the manager in April?
>
> A: Yes. April 4. And I think they were just quick notes I had jotted down on a piece of paper handwritten life, "Yazmin wants to speak to me at 3 p.m. on Tuesday." And so I ripped those off my notepad and put them in there just so I had them documented."

(Deposition of Christine Middleton at 72-73).

Accordingly, there is no evidence in the record that these documents, in fact, existed.

Second, assuming, *arguendo*, that these documents did exist, there is no evidence in the record that Defendant destroyed the documents.  As to the handwritten "notes", Christine Middleton testified that she believed she had very few handwritten notes and that she did not provide those handwritten notes to anyone until her resignation. (Dep. Middleton at 72-73). Defendant searched for the alleged handwritten "notes" but was unable to find the notes or determine whether they existed.  However, and importantly, Defendant produced notes from Ms. Middleton in this lawsuit. (Dep. Middleton at 34-36, 40 and Exhibits 9, 10, 11, 12).

As to the alleged Taleo notes, Ms. Middleton similarly was not certain whether these notes existed or whether these notes were, in fact, "Taleo" notes.  However, Plaintiff raised this issue on October 21, 2022, and on October 27, 2022, Defendant produced 72 documents, many of which contained notes and comments concerning Torres' application process.

Simply put, there is no evidence that the alleged notes were lost or destroyed.  Rather, the evidence supports that the notes either did not exist in the first place or were produced by Defendant during discovery.  Accordingly, Plaintiff cannot satisfy the first factor.

2.      **Plaintiff Cannot Show That The Documents Were Destroyed With A Culpable State Of Mind.**

As to the second factor, Plaintiff must show that Defendant destroyed the documents with the "specific intent to deprive another party of the information's use in the litigation." *Gomez v. Metro Gov't of Nashville & Davidson Cty.*, No. 3:19-cv-00026, 2021 U.S. Dist. LEXIS 145910, *10 (M.D. Tenn. Aug. 4, 2021).

Here, there is no evidence in the record to support such a finding. Plaintiff relies solely upon the testimony of Christine Middleton to support the allegation that the alleged documents exist. Ms. Middleton did not testify that the documents were lost or destroyed and certainly did not testify that Defendant acted with any intent. Indeed, Plaintiff's Opposition is devoid of any evidence of intent. In fact, Plaintiff's argument with respect to whether Defendant acted with a culpable state of mind simply states "[t]he evidence also proves that Defendant lost or destroyed the hiring managers' notes and Middleton's file with a 'culpable state of mind'." (Opposition at 18). No facts are provided to support this conclusory statement.

Furthermore, Plaintiff asks this Court to implement the severe sanction of an adverse inference, even if Defendant was merely negligent. (Opposition at 18). However, mere negligence or even gross negligence is not sufficient. *Drips Holdings, LLC v. Teledrip LLC*, No. 5:19-cv-2789, 2022 U.S. Dist. LEXIS 178233, *8 (N.D. Ohio Sep. 29, 2022).

Accordingly, Plaintiff cannot satisfy its burden with respect to this factor and, therefore, an adverse inference is not appropriate.

3.      **Plaintiff Cannot Prove That The Information Was Relevant.**

Finally, Plaintiff cannot show that the information was relevant. As set forth previously herein, Ms. Middleton was not certain whether (1) the documents existed; or (2) the contents of

the documents.  With respect to the alleged handwritten "notes", Ms. Middleton testified that

these notes would have been very few and would have contained very little information:

> Q: And so you have those notes to the manager in April?
> A: Yes. April 4. And I think they were just quick notes I had jotted
> down on a piece of paper handwritten life, "Yazmin wants to speak
> to me at 3 p.m. on Tuesday." And so I ripped those off my notepad
> and put them in there just so I had them documented."

(Deposition of Christine Middleton at 72-73).

More importantly, the issue of Torres' performance during the application process was

testified to at length by Ms. Middleton.  Ms. Middleton's testimony should not be discounted or

discredited on the basis that Ms. Middleton believes that additional documents may have existed

and were not shown to her during a deposition conducted by Plaintiff's counsel.

Accordingly, Plaintiff cannot satisfy the third factor and, therefore, an adverse inference

is not appropriate.

IV.    <u>**CONCLUSION**</u>

Based on the above arguments and authorities, Plaintiff is not entitled to an adverse evidentiary inference.  Plaintiff's novel discovery issue was note raised according to the requirements set forth in Local Rule 37.1 and is untimely.  Even if not untimely, Plaintiff cannot satisfy its burden to show that such an inference is appropriate.  Accordingly, this Court should grant Defendant's Motion and strike Plaintiff's arguments and statements concerning the alleged discovery dispute in Plaintiff's Opposition.

Respectfully submitted,

*/s/ David A. Campbell*
David A. Campbell (0066494)
Donald G. Slezak (0092422)
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street
Suite 2250
Cleveland, OH 44114
Phone: (216) 298-1262
Fax: (216) 344-9421
david.a.campbell@lewisbrisbois.com
donald.slezak@lewisbrisbois.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of March, 2023 the foregoing was filed through the Court's CM/ECF electronic filing system, which will provide service to Plaintiff's counsel of record.

/s/ David A. Campbell
David A. Campbell (0066494)

*One of the Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

SHELDON STEIN                          :
CHAPTER 7 TRUSTEE FOR THE              :
BANKRUPTCY ESTATE OF                   :
YAZMIN TORRES-DUQUM                    :
                                       :    CASE NO. 1:20-CV-00998
           Plaintiff,                  :
                                       :
v.                                     :    JUDGE DAVID A. RUIZ
                                       :
UNIVERSITY HOSPITALS                   :
CLEVELAND MEDICAL CENTER               :
                                       :
           Defendant.                  :

## DECLARATION OF DAVID A. CAMPBELL

I, David A. Campbell, being duly cautioned and sworn, hereby declare as follows:

1.     I am lead counsel for University Hospitals Cleveland Medical Center ("Defendant") in this matter.

2.     I am familiar with discovery in this matter.

3.     Defendant produced many documents in this lawsuit.

4.     The documents produced contained notes and comments related to Torres' application process.

5.     On October 21, 2022, Plaintiff Sheldon Stein, Chapter 7 Trustee for the Bankruptcy Estate of Yazmin Torres-Duqum ("Plaintiff") sent an email alleging that certain "notes" were not produced during discovery.  Plaintiff's counsel alleged that these notes should have been produced pursuant to the Court's prior discovery order.

6.     On October 27, 2022, Defendant produced 72 additional documents.  These documents contained notes and comments related to Yazmin Torres' ("Torres") application process with Defendant.

7.     The documents produced by Defendant on October 27, 2022 were produced in response to the issues raised in Plaintiff's October 21, 2022 email.  The issues raised in

4878-7364-2294.1                              1

Plaintiff's October 21, 2022 email are the same issues raised in Plaintiff's Opposition to Defendant's Motion for Summary Judgment.

Pursuant to 28 U.S.C. § 1746, I have read the foregoing declaration and I affirm under the penalty of perjury under the laws of Ohio and the United States of America that the foregoing is true and accurate to the best of my knowledge, information, and belief.

_____
David A. Campbell

_Feb. 28, 2023_
Date