IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SHELDON STEIN | : | |
| CHAPTER 7 TRUSTEE FOR THE | : | |
| BANKRUPTCY ESTATE OF | : | |
| YAZMIN TORRES-DUQUM | : | |
| | : | CASE NO. 1:20-CV-00998 |
| Plaintiff, | : | |
| | : | |
| v. | : | JUDGE DAVID A. RUIZ |
| | : | |
| UNIVERSITY HOSPITALS | : | |
| CLEVELAND MEDICAL CENTER | : | |
| | : | |
| Defendant. | : | |

**DEFENDANTS' REPLY IN SUPPORT OF ITS
MOTION TO STRIKE THE NOVEL DISCOVERY
ISSUES RAISED IN PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
- AND –
RESPONSE TO THE NOVEL DISCOVERY
ISSUES RAISED BY PLAINTIFF IN HER OPPOSITION**

I.  **INTRODUCTION.**

Plaintiff Sheldon Stein, Chapter 7 Trustee for the Bankruptcy Estate of Yazmin Torres-Duqum's ("Plaintiff") (Yazmin Torres-Duqum is referred to as "Torres") Opposition to Defendant' Motion to Strike the Novel Discovery Issues Raised In Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Response to the Novel Discovery Issues Raised by Plaintiff in her Opposition (the "Opposition") confirms that Plaintiff has not satisfied the requirements set forth in Local Rule 37.1 for raising discovery disputes.

As an initial matter, Plaintiff raises novel arguments that were not raised in its Opposition to Defendant's Motion for Summary Judgment (the "MSJ Opposition"). For example, Plaintiff now argues that the discovery at issue in the MSJ Opposition was responsive to discovery orders issued by this Court in August and September of 2021. Plaintiff also argues for the first time

93696317.1                                                          1

that a permissive adverse inference is appropriate, despite only arguing for a mandatory adverse inference in the MSJ Opposition. Finally, Plaintiff argues that this Court may enter a lesser sanction, such as striking Christine Middleton's deposition testimony, without filing a motion to strike or raising in this argument in the MSJ Opposition. These novel arguments set forth in the Opposition that were not raised in the MSJ Opposition are waived.. *See Mitchell v. Comm'r of Soc. Sec.*, No. 1:10-cv-1401, 2020 U.S. Dist. LEXIS 48401, *57 (quoting *Kilroy v. Husted*, 868 F.Supp. 2d 652, 657 n.1 (S.D. Ohio 2012) ("a movant's argument raised for the first time in a reply brief is waived.").

As to the merits of Plaintiff's premature and improper discovery dispute, Plaintiff now argues that it raised the discovery issue set forth in Plaintiff's Opposition to Defendant's Motion for Summary Judgment (the "MSJ Opposition") to this Court in August 2021, and that this Court ordered Defendant to produce the discovery in its August 5, 2021 and September 24, 2021 Orders. Because of this, Plaintiff argues in the Opposition that it was not required to comply with Rule 37.1 with respect to the requested sanctions at issue in the MSJ Opposition. However, the notes at issue in Plaintiff's MSJ Opposition and for which Plaintiff requests sanctions are not responsive to the discovery requests that were at issue before the Court in August and September of 2021 and were not the subject of the Court's August 5, 2021 Order or September 24, 2021 Order. Accordingly, there is no dispute that Plaintiff failed to comply with Local Rule 37.1 and, therefore, Plaintiff's request should be denied.

Finally, Plaintiff fails to identify or present any additional evidence to support her evidentiary burden to prove that the severe sanction of an adverse inference is appropriate. Plaintiff fails to do so because the record does not contain such evidence.

Accordingly, Plaintiff's request for evidentiary sanctions should be denied.

II.   **RELEVANT FACTS**

   A.   **Plaintiff Did Not Raise The Discovery At Issue In The Motion With The Court.**

In the MSJ Opposition, Plaintiff seeks an adverse inference based upon Defendant's alleged failure to produce handwritten notes discussed during the deposition of Christine Middleton, a former recruiter for Defendant. Although not indicated or otherwise argued in the MSJ Opposition, Plaintiff now claims in the Opposition that Middleton's notes are responsive to Plaintiff's discovery request 3b): "Produce a complete copy of each and every document, recording, electronic communication, or other tangible item that relates, in any way, to: "Yazmin Torres-Duqum's applications for positions with Defendant from the time she was hired by Defendant until the present".

Plaintiff further alleges that the Court ordered Defendant to produce Middleton's notes on August 5, 2021. (Opposition at 2-3). However, the Court's Order does not reference any notes. Rather, the Court's Order states: "the Court found that both parties' discovery requests were reasonable and ordered both parties to produce the requested discovery to each other no later than September 9, 2021.") (Docket at 08/05/2021).

The Court's August 5, 2021 Order was based upon the Parties' submissions to the Court in early August 2021. Plaintiff alleges in the Opposition that the Court's Order with respect to Plaintiff's discovery issues was based upon the August 3, 2021 letter attached to the Opposition. (Opposition at 2 and Exhibit). However, the August 3, 2021 letter does not reference any interview notes – let alone Middleton's interview notes. Rather, the August 3, 2021 letter was focused on Torres' personnel file for her former position with Defendant.

Plaintiff next argues that Middleton's interview notes were covered by the motion to show cause filed by Plaintiff on September 20, 2021. (Opposition at 2-3). Plaintiff, again, relies

on the August 3, 2021 letter. (*Id.*). Importantly, the Court denied Plaintiff's motion. (*See* Docket at 09/24.2022). Even more important, the Court's September 24, 2021 Order does not even reference any hiring documents, let alone documents allegedly responsive to Plaintiff's Request 3b). Rather, the Court ordered the following:

> "The Court further ordered Defendant to produce the following discovery items to Plaintiff: the identities of the decisionmakers responsible for handling Ms. Torres-Duqum's accommodations and leave requests, including the identities of the person who were involved in the decision-making process but did not make the ultimate decision; a comprehensive list of accommodations-related lawsuits against Defendant from 2014-2018, and such list must include the case name, case number, and venue of each lawsuit; copies of all accommodations-related EEOC charges against Defendant from 2014-2018, as well as copies of Defendant's position statements for those charges; Ms. Torres-Duqum's complete personnel file, including the documents referenced by, but not included in, the personnel file."

(Docket at 09/24/2021).

Accordingly, Middleton's notes were not responsive to Request 3b) or otherwise covered by the Court's August 5, 2021 Order or the Court's September 24, 2021 Order.

### B. **Plaintiff Admits That It Did Not Comply With Rule 37.**

In the Opposition, Plaintiff admits that it did not comply with Rule 37 with respect to the discovery at issue in the MSJ Opposition. (Opposition at 3). Rather, Plaintiff argues that it was not required to comply with Rule 37 regarding the discovery dispute. (*Id.*). Accordingly, there is no dispute that Plaintiff has not complied with the requirements of Rule 37 with respect to the novel discovery issue set forth in the MSJ Opposition.

### C. **Defendant Produced The Notes At Issue In The MSJ Opposition.**

Even if the notes referenced in the MSJ Opposition were responsive to Request 3b) or the Court's August 5, 2021 or September 24, 2021 Orders, Defendant nonetheless produced the documents at issue.

93696317.1                                           4

First, despite Plaintiff's statements to the contrary, Middleton was uncertain as to the existence of the alleged "notes" or their location:

> Q: So where would those notes be?
> A: They would probably be part of our applicant tracking system, Taleo, or previously to that it was HireVue or they would be printed or in a folder with the legal department.

(Deposition of Christine Middleton at 26-27).

Importantly, Defendant produced many documents in this lawsuit. (Declaration of David Campbell (hereinafter "Decl. Campbell at __") at ¶ 3). Many of the documents produced contained notes and comments related to Torres' application process. (Decl. Campbell at ¶ 4). In fact, Defendant produced many interview documents, including notes, on October 27, 2022. (Decl. Campbell at ¶ 6; *see also* ECF # 50-12). These documents were produced in response to the issues raised in Plaintiff's October 21, 2022 email, which are the same issues raised in Plaintiff's Opposition. ((Decl. Campbell at ¶ 7).

As to the handwritten "notes" referenced in the Opposition, Plaintiff's Opposition conclusory states that the notes referenced by Middleton existed and would contain information relevant to Plaintiff's claims. (Opposition at 7-8). However, Middleton's testimony makes clear that she did not share her notes within anyone prior to her resignation and that her "notes" would not have contained any information relevant to Plaintiff's claims:

> Q: Did you have any handwritten notes at any time about anything having to do with Ms. Torres?
> A: I did and they were in a folder. It was a purple folder with her name on it that I did keep isolated and when I resigned, I handed that folder to my manager. It was a very thin folder, maybe a couple pages.
> Q: Had you given those notes to anyone prior to the time that you resigned?
> A: I don't think so.
> Q: And so you have those notes to the manager in April?
> A: Yes. April 4. And I think they were just quick notes I had jotted down on a piece of paper handwritten life, "Yazmin wants to speak

>to me at 3 p.m. on Tuesday." And so I ripped those off my notepad
>and put them in there just so I had them documented."

(Deposition of Christine Middleton at 72-73).

Ms. Middleton's notes were produced during this lawsuit. (Dep. Middleton at 34-36, 40 and Exhibits 9, 10, 11, 12). Defendant searched for the alleged handwritten "notes" but was unable to find the "notes" or determine whether the "notes" existed in the first place.

### III. LAW AND ARGUMENT

#### A. Plaintiff Cannot Satisfy Its Burden Through Its Opposition To This Motion.

It is well-established that a party cannot raise an argument for the first time in a reply brief. *See Mitchell v. Comm'r of Soc. Sec.*, No. 1:10-cv-1401, 2020 U.S. Dist. LEXIS 48401, *57 (quoting *Kilroy v. Husted*, 868 F.Supp. 2d 652, 657 n.1 (S.D. Ohio 2012) ("a movant's argument raised for the first time in a reply brief is waived."). As set forth below, the novel arguments set forth in the Opposition that were not raised in the MSJ Opposition are waived.

There is no dispute that the only pending request filed by Plaintiff with respect to proposed discovery sanctions is Plaintiff's MSJ Opposition. Although Plaintiff now argues in the Opposition that this Court may draw a permissive inference, Plaintiff did not argue or request a permissive inference in the MSJ Opposition.[1] Rather, Plaintiff only requested that this Court issue mandatory inference due to Defendant's alleged culpable state of mind. (MSJ Opposition at 17-18). Accordingly, because Plaintiff did not argue that a permissive inference was appropriate in the MSJ Opposition, that argument is waived. *See See Mitchell v. Comm'r of Soc.*

---

[1] Defendant asserts, as it did in the Motion, that Plaintiff's decision to raise a discovery dispute or otherwise request sanctions in an opposition to a motion for summary judgment is inappropriate. *See Somogy v. South Local School Dist. Bd. of Educ.*, 2007 U.S. Dist. LEXIS 64745, 2007 WL 2572173, *4 (N.D. Ohio, Aug. 31, 2007) ("Plaintiff's attempt to raise the [discovery-related] dispute in opposition to summary judgment must be rejected as untimely as it is raised more than 10 days after the June 25, 2007 discovery cut-off date.").

*Sec.*, No. 1:10-cv-1401, 2020 U.S. Dist. LEXIS 48401, *57 (quoting *Kilroy v. Husted*, 868 F.Supp. 2d 652, 657 n.1 (S.D. Ohio 2012).

Plaintiff also asks this Court in the Opposition for the first time that, assuming an adverse inference is inappropriate, that a lesser sanction such as striking Middleton's testimony is appropriate. However, Plaintiff has not filed a motion to strike and this argument was not presented in the MSJ Opposition. Accordingly, in the absence of a motion to strike and without raising the issue in the MSJ Opposition, Plaintiff's argument has been waived. *See Mitchell v. Comm'r of Soc. Sec.*, No. 1:10-cv-1401, 2020 U.S. Dist. LEXIS 48401, *57 (quoting *Kilroy v. Husted*, 868 F.Supp. 2d 652, 657 n.1 (S.D. Ohio 2012).

Finally, the MSJ Opposition does not identify the discovery requests allegedly at issue that support the adverse inference or any certification or statement that Plaintiff complied with Local Rule 37.1 or that the Court's August 5, 2021 or September 24, 2021 Orders supported the inference. Plaintiff does not make these assertions until filing its Opposition. As set forth in Plaintiff's Opposition, and argued above, these issues are material to Plaintiff's argument that it satisfied Local Rule 37.1 with respect to the discovery at issue in the MSJ Opposition. However, Plaintiff's failure to raise these issues in the MSJ Opposition deems them to be waived. *See Mitchell v. Comm'r of Soc. Sec.*, No. 1:10-cv-1401, 2020 U.S. Dist. LEXIS 48401, *57 (quoting *Kilroy v. Husted*, 868 F.Supp. 2d 652, 657 n.1 (S.D. Ohio 2012).

    **B.**     <u>**Plaintiff Failed To Comply With Rule 37.**</u>

A party wishing to obtain an adverse evidentiary inference must first file a motion to compel by complying with the strict requirements of Local Rule 37.1. *See Tate v. GM LLC*, No. 4:16cv2369, 2017 U.S. Dist. LEXIS 209244, *11 (N.D. Ohio Dec. 20, 2017) (court ruled on issue of adverse inference after considering the certifications made pursuant to the requirements

of Local Rule 37.1); *see also McCall v. P&G*, No. 1:17-cv-406, 2019 Dist. LEXIS 143161, *20 (S.D. Ohio Aug. 22, 2019) ("[i]f Navarro wants to file a motion on spoliation, she must meet and confer with P&G under Local Rule 37.1.").

Northern District of Ohio Local Rule 37.1 sets forth strict requirements that Parties **_must_** follow with respect to raising discovery disputes with the Court prior to filing a motion to compel:

> (a) In the absence of a Judicial Officer establishing an alternative procedure for handling discovery disputes, the following procedure shall apply.
>
>> (1) Discovery disputes shall be referred to a Judicial Officer only after counsel for the party seeking the disputed discovery has made, and certified to the Court the making of, sincere, good faith efforts to resolve such disputes.
>>
>> (2) The Judicial Officer may attempt to resolve the discovery dispute by telephone conference.
>>
>> (3) In the event the dispute is not resolved by the telephone conference, the parties shall outline their respective positions by letter and the Judicial Officer shall attempt to resolve the dispute without additional legal memoranda.
>>
>> (4) If the Judicial Officer still is unable to resolve the dispute, the parties may file their respective memoranda in support of and in opposition to the requested discovery by a date set by the Judicial Officer, who may schedule a hearing on the motion to compel.
>
> **(**b) No discovery dispute shall be brought to the attention of the Court, and no motion to compel may be filed, more than ten (10) days after the discovery cut-off date.

As set forth above, the discovery sought in the MSJ Opposition is not responsive to Plaintiff's Request 3b) or to the Court's August 5, 2021 and September 24, 2021 Orders. Accordingly, Plaintiff has not satisfied Local Rule 37.1 through the August 3, 2021 letter

attached as an Exhibit to the Opposition or through the process that led the Court to issue the August 5, 2021 and September 24, 2021 Orders.

Importantly, Plaintiff concedes in the Opposition that it has not sought engaged in any other meet and confer efforts or otherwise initiated the discovery process set forth in Local Rule 37.1 aside from the August 3, 2021 letter or through its September 20, 2021 motion to show cause. Accordingly, Plaintiff has not satisfied Local Rule 37.1 with respect to the novel discovery issues raised in the MSJ Opposition and, therefore, the Court should deny Plaintiff's request.

      **C.**    **Plaintiff's Opposition Confirms That It Does Not Have Any Evidence To Support An Adverse Inference.**

As set forth above, Plaintiff has waived its argument with respect to a permissive inference. Nevertheless, the Opposition confirms that Plaintiff does not have any evidence to support an adverse inference other than what is set forth in the MSJ Opposition.

As to Plaintiff's burden, Plaintiff must prove that (1) (Defendant had control over the evidence and an obligation to preserve it at the time it was destroyed; (2) Defendant must have destroyed the evidence with a culpable state of mind; and (3) the destroyed evidence must be relevant to the Plaintiff's claim or defense. *Byrd v. Alpha Alliance Ins. Co.*, 518 Fed. Appx. 380, 384 (6th Cir. 2013). As to a culpable state of mind, mere negligence or even gross negligence is not sufficient. *Drips Holdings, LLC v. Teledrip LLC*, No. 5:19-cv-2789, 2022 U.S. Dist. LEXIS 178233, *8 (N.D. Ohio Sep. 29, 2022). Rather, an adverse evidentiary inference is a severe sanction that "may be imposed only on a finding of specific intent to deprive another party of the information's use in the litigation." *Gomez v. Metro Gov't of Nashville & Davidson Cty.*, No. 3:19-cv-00026, 2021 U.S. Dist. LEXIS 145910, *10 (M.D. Tenn. Aug. 4, 2021). Plaintiff cannot prove its burden with respect to any factor.

As to whether the documents were lost or destroyed, although Plaintiff would have this Court believe that the notes at issue did, in fact exist, and were lost or destroyed, Middleton's testimony was anything but certain:

> Q: So where would those notes be?
> A: They would probably be part of our applicant tracking system, Taleo, or previously to that it was HireVue or they would be printed or in a folder with the legal department.

(Deposition of Christine Middleton at 26-27).

Accordingly, there is no evidence in the record that these documents, in fact, existed. Plaintiff's Opposition does not include any additional facts disputing this fact. Accordingly, Plaintiff cannot satisfy its burden to show that the documents existed, let alone were lost or destroyed.

Furthermore, Plaintiff cannot satisfy its burden to prove that the extreme sanction of an adverse inference is warranted due to the fact that Middleton testified clearly and unambiguously that the notes at issue in Plaintiff's MSJ Opposition would not have contained any information relevant to Plaintiff's claims:

> Q: Did you have any handwritten notes at any time about anything having to do with Ms. Torres?
> A: I did and they were in a folder. It was a purple folder with her name on it that I did keep isolated and when I resigned, I handed that folder to my manager. It was a very thin folder, maybe a couple pages.
> Q: Had you given those notes to anyone prior to the time that you resigned?
> A: I don't think so.
> Q: And so you have those notes to the manager in April?
> A: Yes. April 4. And I think they were just quick notes I had jotted down on a piece of paper handwritten life, "Yazmin wants to speak to me at 3 p.m. on Tuesday." And so I ripped those off my notepad and put them in there just so I had them documented."

(Deposition of Christine Middleton at 72-73).

93696317.1

10

More importantly, the issue of Torres' performance during the application process was testified to at length by Ms. Middleton. Ms. Middleton's testimony should not be discounted or discredited on the basis that Ms. Middleton believes that additional documents may have existed and were not shown to her during a deposition conducted by Plaintiff's counsel.

Finally, the Opposition confirms that Plaintiff does not have any information to support a finding that Defendant acted with a culpable state of mind. As set forth in Defendant's Motion, Plaintiff does not identify any facts at all with respect to Defendant's intent or state of mind. Plaintiff does not offer any additional facts whatsoever in the Opposition on this material issue.

Accordingly, Plaintiff cannot satisfy her burden to prove that the severe sanction of an adverse inference is warranted in this matter.

More importantly, the issue of Torres' performance during the application process was testified to at length by Ms. Middleton. Ms. Middleton's testimony should not be discounted or discredited on the basis that Ms. Middleton believes that additional documents may have existed and were not shown to her during a deposition conducted by Plaintiff's counsel.

Accordingly, Plaintiff cannot satisfy the third factor and, therefore, an adverse inference is not appropriate.

IV. **CONCLUSION**

Based on the above arguments and authorities, Plaintiff is not entitled to an adverse evidentiary inference. Plaintiff's novel discovery issue was note raised according to the requirements set forth in Local Rule 37.1 and is untimely. Even if not untimely, Plaintiff cannot satisfy its burden to show that such an inference is appropriate. Accordingly, this Court should grant Defendant's Motion and strike Plaintiff's arguments and statements concerning the alleged discovery dispute in Plaintiff's Opposition.

Respectfully submitted,

*/s/ David A. Campbell*
David A. Campbell (0066494)
Donald G. Slezak (0092422)
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street
Suite 2250
Cleveland, OH 44114
Phone: (216) 298-1262
Fax: (216) 344-9421
david.a.campbell@lewisbrisbois.com
donald.slezak@lewisbrisbois.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of April, 2023 the foregoing was filed through the Court's CM/ECF electronic filing system, which will provide service to Plaintiff's counsel of record.

/s/ David A. Campbell
David A. Campbell (0066494)

*One of the Attorneys for Defendants*